Peter Strojnik, State Bar No. 6464
**STROJNIK P.C.**
2375 East Camelback Road Suite 600
Phoenix, Arizona 85016
Telephone: (602) 524-6602
ADA@strojnik.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>Plaintiff,<br><br>vs.<br><br>RISHABH INVESTMENT LLC,<br><br>Defendant. | Case No:<br><br>**VERIFIED COMPLAINT**<br><br>1. **Americans with Disabilities Act**<br>2. **Negligence**<br><br>**JURY TRIAL REQUESTED** |

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA").

2. Plaintiff's left leg is amputated below the knee. Plaintiff moves with the aid of a wheelchair or a prosthetic leg. Plaintiff suffers from a disability as this term is defined in 42 U.S.C. 12102 and 28 CFR §36.105 (c)(1)(i) which includes, inter alia, "walking, standing, sitting, reaching, lifting [and] bending" and other activities. A partial missing limb "substantially limit[s] musculoskeletal function" as a matter of law. 28 CFR § 36.105 (d)(2)(iii)(D).

3. Plaintiff is constantly and relentlessly segregated and discriminated against, excluded, denied equal services, or otherwise treated differently than other individuals because of his disability, and has been denied the opportunity to participate in or benefit from services, facilities and opportunities available people without disabilities.

4. Plaintiff incorporates herein Congressional Findings and Purpose set forth in 42 U.S.C. §12-101 and 28 CFR §36.101.

5. Plaintiff is being subjected to discrimination on the basis of disability in violation of Subchapter III of the Americans with Disabilities Act or has reasonable ground to believe that that he is about to be subjected to discrimination in violation of 42 U.S.C. §12183.

6. Plaintiff alleges that he has actual notice that Defendant has failed to comply with Subchapter III of the ADA, 28 CFR 36 and the 2010 Standards of Accessibility Design ("2010 Standards") as more fully alleged below.

7. Plaintiff alleges that he has no obligation to engage in futile gestures as referenced in 42 U.S.C. §12188(A)(1) and 28 C.F.R. Subpart E

8. Defendant has discriminated against Plaintiff by the following actions and failures to act –

   a. Failing to make reasonable modifications in policies, practices, or procedures which are necessary to afford Plaintiff and others similarly

situated accessibility to Defendant's place of public accommodation, thus violating 42 U.S.C. §12182(b)(2)(A)(ii) and 28 C.F.R. §36.302(a); and

b. Failing to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, thus violating 42 U.S.C. §12182(b)(2)(A)(iii); and

c. Failing to remove architectural barriers where such removal is readily achievable, thus violating 42 U.S.C. §12182(b)(2)(A)(iii), 28 CFR 36 and the 2010 Standards..

**PARTIES**

9. Plaintiff is a disabled person and a committed individual to advance the time when places of public accommodations will be compliant with the ADA. Plaintiff resides in Casa Grande, Arizona.

10. Plaintiff's disability includes the amputation of the left leg below the knee. Plaintiff moves with the use of a wheelchair, walker and/or a prostethis.

11. Defendant, RISHABH INVESTMENT LLC, D/B/A Hawthorn Suites by Wyndham Tempe owns and/or operates hotel at 2301 E. Southern Avenue, Tempe, AZ 85282 which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) which offers public lodging services *See* 28 CFR §36.104 and a listing of public accommodations in 42 U.S.C. §12181(7).

**JURISDICTION**

12. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

13. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.

14. Venue is proper pursuant to 28 U.S.C. § 1391.

## STANDING TO SUE JURISDICTION

15. Plaintiff reviewed 3rd party and 1st party lodging websites to book an ambulatory and wheelchair accessible room. Plaintiff was denied equal opportunity to use and enjoyment of a critical public accommodation through Defendant's acts of discrimination and segregation alleged below.

16. Plaintiff intends to book a room at the Defendant's hotel once Defendant has removed all accessibility barriers, including the ones not specifically referenced herein, and has fully complied with the ADA.

17. Because of Defendant's denial of Plaintiff's use and enjoyment of a critical public accommodation through Defendant's acts of discrimination and segregation, he is deterred from visiting that accommodation by accessibility barriers and other violations of the ADA.

18. Defendant has denied Plaintiff -

   a. The opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations at its hotel.

4

b. The right to be included in the population at large who benefits from Defendant's hotel without being segregated because his disability.

19. Plaintiff intends to book a room at Defendant's hotel in the future but he will likely suffer repeated injury unless and until the barriers of accessibility and ambulatory and wheelchair accessibility barriers have been removed.

## CONTINUING JURISDICTION

20. ADA violations which form the subject matter of this Verified Complaint change frequently due to regular maintenance, remodels, repairs, and normal wear and tear.

21. Defendant's ADA Violations are of the type that can reasonably be expected to start up again, allowing Defendant to be free to return to the old ways' after the threat of a lawsuit had passed.

22. If one or more ADA violation are cured, Plaintiff alleges that they were cured and timed to anticipate the current lawsuit, and not as a good faith effort to comply with the ADA.

23. To remedy the violations of 28 CFR 36.302(e), Defendant would be required not only to modify all 1st and 3rd party lodging websites, but would be required to do so truthfully and accurately.

## COUNT ONE

Violation of Plaintiff's Civil Rights under the ADA

24. Plaintiff realleges all allegations heretofore set forth.

25. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted.

26. On or about April 4, 2018, Plaintiff intended to visit Phoenix and spend the night there. He visited a 3rd party website www.expedia.com to book a room.

27. 3rd party website disclosed general availability and description of Defendant's hotel.

28. 3rd party websites states, "Accessibility

    If you have requests for specific accessibility needs, please note them at check-out when you book your room.

    - Accessible bathroom
    - Roll-in shower
    - In-room accessibility"

29. 3rd party website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's hotel meets his accessibility needs.

30. 3rd party website failed to disclose the following accessibility features in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's hotel and guest rooms meets his accessibility needs:

    a. Whether accessible routes comply with § 206 of the 2010 Standards; and

    b. Whether operable parts on accessible elements, accessible routes and accessible rooms comply with §§205 and 803 of the 2010 Standards; and

    c. Whether any accessible means of egress comply with §207 of the 2010 Standards.

    d. Whether parking spaces comply with §§208 and 502 of the 2010 Standards; and

    e. Whether passenger loading zones comply with §§209 and 503 of the 2010 Standards; and

    f. Whether any drinking fountains comply with §211 of the 2010 Standards; and

    g. Whether any kitchens, kitchenettes and sinks comply with §§212 and 804 of the 2010 Standards; and

    h. Whether toilet facilities and bathing facilities comply with §213 of the 2010 Standards; and

    i. Whether any washing machines and clothes dryers comply with §§214 and 611 of the 2010 Standards; and

    j. Whether accessible hotel rooms comply with §224 of the 2010 Standards; and

    k. Whether dining surfaces and work surfaces comply with §§226 and 902 of the 2010 Standards; and

l.  Whether sales and service elements comply with §227 of the 2010 Standards; and

m.  Whether any saunas and steam rooms comply with §§241 and 612 of the 2010 Standards; and

n.  Whether any swimming pools, wading pools and spas comply with §§242 and 1009 of the 2010 Standards; and

o.  Whether floor and ground surfaces comply with §302 of the 2010 Standards; and

p.  Whether changes in level comply with §303 of the 2010 Standards; and

q.  Whether turning spaces comply with § 304 of the 2010 Standards; and

r.  Whether floor and ground spaces comply with §305 of the 2010 Standards; and

s.  Whether knee and toes clearances comply with §306 of the 2010 Standards; and

t.  Whether protruding objects comply with §307 of the 2010 Standards; and

u.  Whether the reach ranges comply with §308 of the 2010 Standards; and

v.  Whether the operating parts on accessible features comply with §309 of the 2010 Standards; and

w.  Whether accessible routes comply with §402 of the 2010 Standards; and

x.  Whether walking surfaces comply with §403 of the 2010 Standards; and

y. Whether doors, doorways and gates comply with §404 of the 2010 Standards; and

z. Whether ramps comply with § 405 of the 2010 Standards; and

aa. Whether curb ramps comply with §406 of the 2010 Standards; and

bb. Whether any elevators comply with §407 of the 2010 Standards; and

cc. Whether any platform lifts comply with §410 of the 2010 Standards; and

dd. Whether any stairways comply with §504 of the 2010 Standards; and

ee. Whether handrails on elements requiring handrails comply with §505 of the 2010 Standards; and

ff. Whether the plumbing facilities comply with Chapter 6 of the 2010 Standards with respect to all the following subchapters of Chapter 6: §§ 602 (drinking fountains), 603 (toilets and bathing rooms), 604 (water closets and toilet compartments, 605 (urinals), 606 (lavatories and sinks), 607 (bathtubs), 607 (shower compartments), 608 (grab bars), 610 (seats in bathtubs and shower compartments), and

gg. Whether service counters comply with 904 of the 2010 Standards.

31. Thereafter, Plaintiff consulted Defendant's 1st party website www.wyndhamhotels.com to determine the information unavailable from the third-party website.

32. 1st party website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough

9

detail to reasonably permit Plaintiff to assess independently whether Defendant's hotel meets his accessibility needs.

33. In particular, 1st party website failed to disclose the following accessibility features in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's hotel and guest rooms meets his accessibility needs:

   a. Whether accessible routes comply with § 206 of the 2010 Standards; and
   b. Whether operable parts on accessible elements, accessible routes and accessible rooms comply with §§205 and 803 of the 2010 Standards; and
   c. Whether any accessible means of egress comply with §207 of the 2010 Standards.
   d. Whether parking spaces comply with §§208 and 502 of the 2010 Standards; and
   e. Whether passenger loading zones comply with §§209 and 503 of the 2010 Standards; and
   f. Whether any drinking fountains comply with §211 of the 2010 Standards; and
   g. Whether any kitchens, kitchenettes and sinks comply with §§212 and 804 of the 2010 Standards; and
   h. Whether toilet facilities and bathing facilities comply with §213 of the 2010 Standards; and

i. Whether any washing machines and clothes dryers comply with §§214 and 611 of the 2010 Standards; and

j. Whether accessible hotel rooms comply with §224 of the 2010 Standards; and

k. Whether dining surfaces and work surfaces comply with §§226 and 902 of the 2010 Standards; and

l. Whether sales and service elements comply with §227 of the 2010 Standards; and

m. Whether any saunas and steam rooms comply with §§241 and 612 of the 2010 Standards; and

n. Whether any swimming pools, wading pools and spas comply with §§242 and 1009 of the 2010 Standards; and

o. Whether floor and ground surfaces comply with §302 of the 2010 Standards; and

p. Whether changes in level comply with §303 of the 2010 Standards; and

q. Whether turning spaces comply with § 304 of the 2010 Standards; and

r. Whether floor and ground spaces comply with §305 of the 2010 Standards; and

s. Whether knee and toes clearances comply with §306 of the 2010 Standards; and

t. Whether protruding objects comply with §307 of the 2010 Standards; and

u. Whether the reach ranges comply with §308 of the 2010 Standards; and

v. Whether the operating parts on accessible features comply with §309 of the 2010 Standards; and

w. Whether accessible routes comply with §402 of the 2010 Standards; and

x. Whether walking surfaces comply with §403 of the 2010 Standards; and

y. Whether doors, doorways and gates comply with §404 of the 2010 Standards; and

z. Whether ramps comply with § 405 of the 2010 Standards; and

aa. Whether curb ramps comply with §406 of the 2010 Standards; and

bb. Whether any elevators comply with §407 of the 2010 Standards; and

cc. Whether any platform lifts comply with §410 of the 2010 Standards; and

dd. Whether any stairways comply with §504 of the 2010 Standards; and

ee. Whether handrails on elements requiring handrails comply with §505 of the 2010 Standards; and

ff. Whether the plumbing facilities comply with Chapter 6 of the 2010 Standards with respect to all the following subchapters of Chapter 6: §§ 602 (drinking fountains), 603 (toilets and bathing rooms), 604 (water closets and toilet compartments, 605 (urinals), 606 (lavatories and sinks), 607 (bathtubs), 607 (shower compartments), 608 (grab bars), 610 (seats in bathtubs and shower compartments), and

gg. Whether service counters comply with 904 of the 2010 Standards.

34. Thereafter Plaintiff called Defendant's hotel to inquire whether it was compliant with the ADA and suitable for Plaintiff's accessibility needs.

35. Plaintiff spoke with hotel reservations clerk, Christina. Plaintiff specifically inquired whether Defendant's hotel was compliant with the Americans with Disabilities Act and compliant with the specific requirements of accessibility.

36. Reservations clerk responded that she was not familiar with the Americans with Disabilities Act. However, she was able to describe a few accessible features such as a walk-in shower.

37. Plaintiff subsequently visited the hotel to independently verify that it was, at least on the outside, suitable to accommodate his disability.

38. Plaintiff noted that the hotel was not compliant with the ADA and was replete with accessibility barriers in the details which include, without limitation, the following areas of non-compliance:

   a. 208.3.1. The accessible parking is not dispersed to all entrances.

   b. 309.4. The restroom near the lobby requires a twisting of the wrist motion and more than 5 pounds of force to enter.

   c. 309.4. The fitness center requires a twisting of the wrist motion to enter.

   d. 309.4. The accessible guest room requires a twisting of the wrist motion to enter.

   e. 309.4. Multiple stairwell entrances require a twisting of the wrist motion and more than 5 pounds of force to open.

    f. 309.4. Multiple secondary entrances/exits require more than 5 pounds of force to open.

    g. 309.4. The pool gate requires a twisting of the wrist motion to open.

    h. 403.3. At least one accessible route has a cross slope steeper than 1:48 inches.

    i. 405.8. The ramp from the southern street entrance to the hotel has a rise greater than 6 inches without handrails.

    j. 502.3. One of the access aisles does not adjoin an accessible route.

    k. 502.4. At least one accessible parking space has a cross slope steeper than 1:48 inches.

    l. 502.6. The signs used to mark accessible parking are lower than 60 inches from the ground to the bottom of the sign.

    m. 503.3. The passenger loading zone does not have an access aisle.

    n. 505.10.3. Both stairwells are without bottom handrails extensions of at least one tread depth for the inside handrail

    o. The pool and the spa share a lift; and

    p. Other ADA violations to be discovered through a discovery process.

39. As a result of the deficiencies described above, Plaintiff declined to book a room at the hotel.

40. The removal of accessibility barriers listed above is readily achievable.

41. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:

A. Relief described in 42 U.S.C. §2000a – 3; and

B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

E. Equitable nominal damages in the amount of $1.00; and

F. For costs, expenses and attorney's fees; and

G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

**COUNT TWO**
Negligence

42. Plaintiff realleges all allegations heretofore set forth.

43. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

44. Defendant breached this duty.

45. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[1].

46. Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.

47. Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[2].

48. Defendant's knowing and intentional persistence in discrimination against Plaintiff is alleged, causing Plaintiff damage.

49. Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[3].

---

[1] 42 U.S.C. § 12101(a)(2)

[2] 42 U.S.C. §12101(a)(3)

[3] 42 U.S.C. §12101(a)(5)

16

50. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

51. Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[4].

52. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

53. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[5].

54. Defendant's knowing and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.

55. Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity[6].

---

[4] 42 U.S.C. §12101(a)(6)

[5] 42 U.S.C. §12101(a)(7)

[6] 42 U.S.C. §12101(a)(8)

56. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

57. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

58. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

59. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial

60. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

61. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in an amount to be proven at trial; and

    C. For punitive damages to be proven at trial; and

    D. For such other and further relief as the Court may deem just and proper.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 8th day of April, 2018.

              **STROJNIK, P.C.**

              Peter Strojnik, 6464
              Attorneys for Plaintiff

### VERIFICATION

Plaintiff verifies that he has read the forgoing and that the factual allegations stated above are true and correct to the best of his knowledge, information and belief. Plaintiff makes this verification under the penalty of perjury.

              /s/ Fernando Gastelum
              Authorized Electronically